Matthew T. Christensen, ISB: 7213
Chad R. Moody, ISB: 9946
JOHNSON MAY
199 N. Capitol Blvd., Suite 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
         crm@johnsonmaylaw.com

Jason E. Rios, CA State Bar No.190086
(*Pro Hac Vice Forthcoming*)
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA  95814
Phone: (916) 329-7400
Fax: (916) 329-7435
Email:  jrios@ffwplaw.com

*Attorneys for Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>OFF-SPEC SOLUTIONS, LLC, dba COOL MOUNTAIN TRANSPORT,<br><br>Debtor. | Case No. 22-_____<br><br>Chapter 11<br>Subchapter V |

**APPLICATION TO EMPLOY COUNSEL FOR DEBTOR IN POSSESSION**

> **Notice of Application to Employ Counsel and Opportunity to Object and for a Hearing**
>
> <u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**APPLICATION TO EMPLOY COUNSEL** – PAGE 1

> Objection.  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> Hearing on Objection. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

The Debtor in Possession makes application for authority to retain counsel, and in support thereof respectfully shows that:

1. The Debtor has filed a petition initiating a case seeking relief under Chapter 11 of the Bankruptcy Code and is currently in possession of its property and operation of its business.

2. Pursuant to 11 U.S.C. § 1107 and § 327, the Applicant wishes to employ an attorney to render professional services for it as Debtor in Possession, and it is necessary to obtain legal assistance in the matters outlined on the Engagement Letter attached here as **Exhibit A**. Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP will provide such professional services that are reasonably required to represent the Debtor in Possession in its Chapter 11 case as follows:

   a. To advise and represent the Debtor in Possession with respect to matters and proceedings in this Chapter 11 case;

   b. To assist the Debtor in Possession with bankruptcy issues, which may arise in the operation of the Debtor's business, including negotiations with creditors, interest groups and any Official Committee of Unsecured Creditors; and

   c. To assist the Debtor in Possession with the preparation of and confirmation of a plan of reorganization or other disposition of the case;

   d. To advise the Debtor in Possession with respect to its powers and duties to the estate as debtor in possession;

   e. To advise and represent the Debtor in Possession with regard to motions and other developments in the Case;

**APPLICATION TO EMPLOY COUNSEL** – PAGE 2

    f.  To advise the Debtor in Possession with respect to recovery of assets of the bankruptcy estate, including preferential payments and fraudulent transfers;

    g.  To advise the Debtor in Possession with respect to potential actions and/or claims against third parties for the benefit of the estate;

    h.  To advise the Debtor in Possession with respect to any other litigation or contested matters that may arise in the course of the case;

    i.  To advise and represent the Debtor about the development and confirmation of a Chapter 11 Plan or other disposition of the case;

    j.  To assist the Debtor with respect to other matters connected with the Debtor's Chapter 11 case.[1]

  3.  Applicant desires to retain counsel immediately and would retain Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("FFWPR").  The primary attorney at FFWPR responsible for this matter will be Jason E. Rios, who is petitioning the court to appear Pro Hac Vice before this court.  If other attorneys from FFWPR appear in court on this matter, similar petitions for Pro Hac Vice approval will be filed.

  4.  Said attorneys are familiar with the Bankruptcy Code and Rules and the Local Rules of the United States Bankruptcy Court for the District of Idaho.

---

[1] Notwithstanding the foregoing, the Engagement Agreement does not cover Attorneys filing or responding to an adversary proceeding (aka as a lawsuit or complaint) in the Chapter 11 case and/or in another court of competent jurisdiction and any such additional litigation representation will require negotiation and approval of a separate engagement agreement including acceptable payment and retainer arrangements, which payment and retainer terms would be subject to Bankruptcy Court approval; and FFWPR has only been retained to provide those bankruptcy legal services reasonably required to represent the Debtor in Possession in this Bankruptcy Case.  For example, FFWPR does not provide advice in other areas of the law, such as tax, environmental or employment, or in non-legal matters such as business and financial planning, or asset protection.  Although FFWPR will coordinate with the Debtor in Possession on Bankruptcy Case issues related to these types of legal issues that may arise that are not within FFWPR's scope of representation, the Debtor in Possession will need to consult with and retain other professionals in those areas as the need arises.

**APPLICATION TO EMPLOY COUNSEL** – PAGE 3

5.      Filed contemporaneously with this Application is a Verified Statement of Counsel. The Verified Statement described the pre-filing fees and expenses incurred (which includes the court filing fee) and what amount remains in the retainer. The remaining amount is being held in the attorney's client trust account on behalf of the Applicant.

6.      The Applicant has selected FFWPR because it has experience in matters of this character and the Applicant believes FFWPR is well qualified to represent it as debtor in possession in this case.

7.      To the best of the Applicant's knowledge, this attorney has no connection with the Debtor (other than as described in the Verified Statement attached hereto, including prior representation of the Debtor), any personnel employed on the Office of the United States Trustee, the creditors or any other party in interest, or their respective attorneys or accountants (other than normal professional relationships), nor does this attorney represent or hold any interest adverse to the debtor in possession or the estate herein in the matters upon which he is to be engaged, and his employment would be in the best interests of the estate and its creditors.

8.      The Applicant wishes to employ FFWPR under a general retainer because of the extensive legal services required herein.

9.      This Application is supported by the Verified Statement of Jason E. Rios in Support of Application to Employ Counsel for Debtor in Possession, filed contemporaneously herewith.

/

/

/

/

**APPLICATION TO EMPLOY COUNSEL** – PAGE 4

WHEREFORE, the Applicant prays that it be authorized to employ and retain FFWPR to represent it as debtor in possession of this estate upon a general retainer.

DATED this 5th day of August, 2022.

                                                  */s/ Richard Coyle*

OFF-SPEC SOLUTIONS, LLC,
dba COOL MOUNTAIN TRANSPORT
By: Richard Coyle, President and CEO

# EXHIBIT A

# FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

## Contract for Legal Services

This fee contract for legal services ("Agreement") is by and between Off-Spec Solutions LLC dba Cool Mountain Transport ("Client") and Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP ("Attorneys"). The Agreement sets forth the terms and conditions upon which Attorneys will provide professional services to Client and to obtain Client's written consent to the fee arrangement between Attorneys and Client, as may be required by law. Attorneys will provide legal services to Client on the following terms and conditions.

**Conditions**

This Agreement will not take effect until: (1) Client returns a signed copy of this Agreement to Attorneys and to Attorneys' Trust Account $30,000.00 retainer (the "Chapter 11 Retainer"); and (2) Attorneys sign their acceptance of representation. Upon satisfaction of these conditions, the Agreement will be deemed to take effect retroactive to August 1, 2022.

**Scope of Services**

Attorneys shall provide Client legal services in connection with the evaluation and potential filing of a Chapter 11 bankruptcy case for Client. Attorneys will provide only those legal services reasonably required to represent the Client in this specific matter, as follows: (a) advice regarding Client's duties and/or obligations to various creditor constituencies because of the possible Chapter 11 filing by Client; (b) consulting with Client and Client's financial advisors regarding options in and outside of Chapter 11 in light of Client's financial situation; (c) assist Client in negotiations with various creditor constituencies, both prior to and if necessary, after a Chapter 11 filing; (d) rendering advice to Client in determining whether to file a petition in bankruptcy, and (e) to prepare and file the required documents to initiate a Chapter 11 bankruptcy filing with the United States Bankruptcy Court for the District of Idaho including the preparation and filing of any petition, schedules, statement of affairs which may be required to commence a Chapter 11 bankruptcy case, and those legal services reasonably required to represent Client in the Chapter 11 case.

Client acknowledges that it has retained local counsel in Idaho to serve as co-counsel in a Chapter 11 case. Client agrees that Attorneys' will need a significant amount of documentation and time to prepare a filing and that all accrued fees must be paid and the retainer received such that all amounts have cleared the banking systems prior to a bankruptcy filing.

Client agrees that in Chapter 11 bankruptcy, Attorneys have not been retained to file any type of litigation, including any adversary proceeding in the Chapter 11 case, which seeks a recovery (including any equitable relief) from or against a third party or to represent Client in adversary proceedings objecting to the dischargeability of any claims against Client or objecting to the entry of Client's discharge. If any, such additional litigation retention is subject to and conditioned on a separate contract for litigation services.

Client further acknowledges that the scope of representation by Attorneys does not include

representation of Client in any other matter or context. For example, the scope of representation by Attorneys does not include advising Client respecting asset protection matters and Attorneys do not provide advice in other areas of the law, such as tax, environmental or employment, or in non-legal matters such as business and financial planning, or asset protection. Client may need to consult with other professionals in those areas as the need arises, obtaining an appraisal of Client's assets, an interest rate expert as to possible interest rates for the treatment of secured loans in a Chapter 11 Plan of Reorganization ("Plan"), and a financial advisor to assist in the creation of cash collateral and Plan budgets.

**No Dual Representation**

Unless the engagement letter specifically provides otherwise, Attorneys do not represent multiple legal entities or persons at the same time. For example, Attorneys do not provide dual representation of a corporation and its officers, directors, employees or shareholders; of a partnership and its partners; or, in some cases, of an entity and its subsidiaries and/or parent entity(ies). When Attorneys represent an individual, corporation, partnership, or other entity, related parties should obtain separate counsel in order to avoid potential conflicts of interest and ensure that their rights are protected. For this engagement, Attorneys are representing Cool Mountain Transport only, not Transportation Investors, LLC its members or its affiliated entity.

**Disclaimer of Guaranty**

Nothing in this Agreement and nothing in Attorneys' statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorneys make no such promises or guarantees. Any comments by Attorneys about the potential outcome of the matter are expressions of opinion only, are neither promises nor guarantees, and shall never be construed as promises or guarantees. Any estimate of fees given by Attorneys shall not be a limitation on fees or a guarantee that fees and costs will not exceed the amount of the estimate. Actual fees may vary significantly from any estimates given.

**Who Will Provide the Legal Services**

Customarily, each client has a principal attorney contact. The principal attorney should be someone in whom Client has confidence and with whom Client enjoys working. Client is free to request a change of principal attorney at any time, but Attorneys may not be able to comply with such a request. Many factors determine whether a particular attorney can work on or oversee a matter, including experience and whether the attorney has sufficient time to devote to the matter. Subject to the supervisory role of the principal attorney, Client's work, or parts of it, may be performed by other lawyers and legal assistants. Such delegation may be for the purpose of involving lawyers or legal assistants with special expertise in a given area or for the purpose of providing services on the most efficient and timely basis. Whenever practicable, Attorneys will advise Client of the names of those attorneys and legal assistants who work on Client's matters.

**Principal Contact of Client**

Attorneys' principal contact for Client will be Client's CEO, Richard Coyle. Attorneys will

correspond with, take direction from and send all billing invoices to Client's principal contact unless instructed otherwise by Client in writing.

**Authority of CEO to File Chapter 11 Case for Client**

The Client must authorize a Chapter 11 bankruptcy filing by Client. The filing of a bankruptcy case is conditioned on Client providing duly executed authorization for a Chapter 11 bankruptcy filing and a ratification of the is Agreement.

**Fees and Costs**

Client agrees to pay Attorneys at Attorneys' hourly rates for all time spent on Client's matter. In addition, Client has informed Attorneys that some or all of Attorney's fees and costs which may become due under this agreement may be paid by its affiliate Transportation Investors, LLC, as a guaranty, loan, capital contribution, or otherwise. It is understood that should Client not be able to receive funds from Transportation Investors, Client shall remain responsible for paying all Attorney's invoices as they are rendered in accordance with the billing and payment terms set forth herein.

It is also understood that the attorney/client relationship will only exist between Attorneys and Client, and that Transportation Investors or any lender for payment of the fees due hereunder will have no right to information regarding the representation of Client by Attorneys, and have no right to control or direct the Attorneys in providing services under this agreement, unless specifically approved by Client.

If this Agreement is with multiple Clients, they are jointly and severally liable for obligations under this Agreement. Attorneys' billings for fees are calculated on a straight hourly basis according to the hourly rates for the person performing the work. Attorneys keep records of time devoted to Client's work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on Client's behalf, and other related matters. Attorneys record their time in six-minute increments. Attorneys' current hourly rates are set forth in Addendum 1 attached to the Agreement. The schedule of fees set forth in Addendum 1 is subject to change upon thirty (30) days' written notice to Client.

Attorneys typically incur, and advance on behalf of Client, a variety of out-of-pocket costs arising in connection with legal services. These include charges made by government agencies and service vendors as well as clerical charges. Whenever such costs are incurred, Attorneys will carefully itemize and bill them. Typical of such costs are long distance telephone charges; messenger, courier, express delivery charges and certain other postage; facsimile; printing and reproduction costs; filing fees; deposition and transcript costs; witness fees; travel expenses; charges made by outside experts and consultants, including accountants, appraisers and other legal counsel (unless arrangements for direct billing have been made); charges by courts for internet access to court records; and computer assisted legal research charges. Attorneys incur outside costs as agents for Client and incur internal expenses on behalf of Client, who agrees to pay these costs on a regular basis.

Attorneys provide bills for services rendered and costs incurred on a monthly basis. Invoices are generally dated and mailed within the first five business days of each month, and payments are due within ten (10) days of the statement. ALL STATEMENTS SHOULD BE REVIEWED CAREFULLY immediately upon receipt. Any objections Client may have to any billing statement should be communicated to Attorneys in writing within ten (10) days of the date of the statement.

**Retainer and Trust Account**

This Agreement will not become effective until Attorneys receive from Client a retainer in the amount of $30,000. This retainer is not an estimate of total fees that may be incurred under this engagement. Client's retainer deposited with Attorneys is used to pay fees and costs on a monthly basis as they are incurred. Regular statements will be furnished to Client. Unless Client notifies Attorneys of a problem with the statement, the retainer deposit is charged for fees and costs ten (10) days after each monthly billing statement is sent to Client. At the conclusion of Attorneys' legal representation or at such time as the deposit is unnecessary or is appropriately reduced, the remaining balance or an appropriate part of it will be returned to Client. If the retainer deposit proves insufficient to cover current expenses and fees, it may have to be increased.

All trust deposits received by Attorneys from Client, including retainers, will be placed in a trust account for Client's benefit. By law, Client's deposit must be placed in a pooled account if it is not expected to earn a net return, taking into consideration the size and anticipated duration of the deposit and the transaction costs. Other trust deposits will also be placed in the pooled account unless Client requests a segregated account. By law, interest earned on the pooled account is payable to a charitable foundation established by the State Supreme Court. Interest earned on a segregated trust account will be added to the deposit for Client's benefit and may be includable in Client's taxable income.

**Consent to Electronic Communications and Storage**

In order to promote efficiency in representing Client, Attorneys intend to use a variety of communication and storage devices (e.g., laptop computers, tablets, cellular telephones, and smart phones), as well as a variety of communication and storage tools (e.g., email, text messaging, document transfer by computer, cloud computing, etc.). The use of these and other similar devices and tools under current technology may place Client confidences and privileges at risk. However, Attorneys believe the effectiveness and efficiency involved in use of these (and similar) devices and tools outweigh the risk of unintended disclosure. By signing this agreement, Client acknowledges its consent to Attorneys' ability to use their discretion in the use of electronic communication and storage devices and tools currently available in the market as well as new devices and tools that enter the marketplace during the course of Attorneys' representation of Client.

**Conclusion of Services**

Client may conclude Attorneys' representation at any time, with or without cause, by notifying Attorneys. If such termination occurs, Client's papers and property will be returned to Client promptly. Attorneys' own files pertaining to the case will be retained. Client's termination of Attorneys' services will not affect Client's responsibility for payment of legal services rendered

and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter.

Attorneys are subject to the State Code of Professional Responsibility, which lists several types of conduct or circumstances that require or allow Attorneys to withdraw from representing a client, including nonpayment of fees or costs, misrepresentation or failure to disclose material facts, action contrary to Attorneys' advice, and conflict of interest with another client. Attorneys try to identify in advance and discuss with Client any situation that may lead to withdrawal by Attorneys, and, if withdrawal ever becomes necessary, Attorneys will immediately give Client written notice.

**Retention of Records**

In the course of this engagement, Attorneys are likely to come into possession of various documents and materials which California law recognizes as Client's papers and property. Such papers and property may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, experts' reports, and other items reasonably necessary to the representation. Client agrees that Attorneys may destroy or discard any papers and documents in Attorneys' sole discretion that (a) are on file in a court proceeding if in Attorneys' discretion the keeping of such documents is unnecessary because they can be obtained from the court file and/or (b) are being maintained by Attorneys in electronic format. Upon termination or conclusion of the representation with respect to the matter to which such client papers and property relate, upon Client's written request Attorneys shall promptly turn over to Client, or to another counsel identified by Client, such papers and property. Client shall pay for any copying and delivery costs incurred in connection with such document transfer. In the event of any such termination or conclusion, Attorneys shall be entitled to retain a copy of any records or files relating to such matter. If Client does not request such papers and property within one year after the conclusion of the matter to which such papers and property relate, then Attorneys may destroy or discard such papers and property without any notice to Client.

**Interest**

Client agrees to make payment within 10 days of receiving Attorneys' statement. Unpaid fees and disbursements accrue interest at the rate (non-compounded) of 0.833 percent per month (10% per annum) from the beginning of the month in which they became overdue. (Where fees and disbursements are regularly paid out of a retainer deposit, no interest will be charged.) Attorneys will give Client prompt notice if Client's account becomes delinquent, and Client agrees to bring the account or the retainer deposit current. If the delinquency continues and Client does not arrange satisfactory payment terms, Attorneys will withdraw from the representation and pursue collection of Client's account. Client agrees to pay the costs of collecting the debt, including court costs, filing fees, and reasonable attorney fees.

**Miscellaneous Matters**

<u>**Choice of Law**</u>

This Agreement shall be governed by and construed in accordance with the laws of the State

of California.

**Debt Relief Agency Disclosure**

Client represents and warrants that he/she/it is not a person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $150,000. Client agrees to inform Attorneys immediately if it believes that he/she/it may be such a person during the term of this contract.

**Venue**

Client agrees that the venue for any dispute shall be Sacramento, California.

**Amendments and Integration**

The parties agree that all changes or modifications hereto shall be in writing. This Agreement constitutes the entire agreement between the parties. If at any time Client makes requests for services outside the scope of Attorneys' employment described in this Agreement, and if there is no other written agreement applying to such additional services, the provisions of this Agreement, including the fees schedule in Addendum 1, as modified from time to time, shall apply.

**Notices**

Any notice or other communication to either party hereto shall be personally delivered to the party, transmitted by facsimile or electronic mail, or sent by first class, registered, or certified mail with postage fully prepaid, and addressed to the recipient. If Attorneys' address changes, they will promptly notify Client in writing; likewise, if Client changes its address, Client shall promptly notify Attorneys in writing.

**Waiver**

No waiver of any of the provisions of this Agreement shall be effective unless such waiver is in writing and signed by the party or parties to be bound. No notice to or demand on either party shall entitle it to any other or further notice or demand in similar or other circumstances.

**Authority**

Each person whose signature appears below represents that such person is duly authorized to enter into this Agreement on behalf of the party indicated below.

**BINDING ARBITRATION OF ALL DISPUTES**

**If Client disagrees with the amount of Attorneys' fee, please take up the question with Client's principal attorney contact or with Attorneys' Managing Partner. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. Any dispute relating to payment of attorney fees which cannot be resolved in this manner shall be submitted to mediation before the Sacramento County Bar Association**

pursuant to California Business and Professions Code Section 6200, et. seq., or, should that organization decline to mediate the dispute, before the State Bar of California pursuant to California Business and Professions Code Section 6200, et. seq.

Any other dispute (including for payment of attorney fees if the above referenced mediation is unsuccessful in resolving the fee dispute) arising out of, or related to, a claimed breach of this agreement, the professional services Attorneys have rendered, or any other disagreement of any nature, type or description regardless of the facts or the legal theories which may be involved, shall be resolved by confidential binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association by a single arbitrator. The hearings shall be held in Sacramento and each side shall bear one-half of the arbitration fees and costs incurred.

I have read and agree to the terms of this Agreement, including binding arbitration.

Dated: AUG 2, 2022

**Off-Spec Solutions LLC dba Cool Mountain Transport**

By: _____
Richard Coyle, CEO

Dated: Aug 2, 2022

**Attorneys**
Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP

By: _____
Jason E. Rios, Partner

-7-
Contract for Legal Services

# ADDENDUM 1

## FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP
## HOURLY RATES FOR PROFESSIONALS
## EFFECTIVE JANUARY 1, 2022

| | | |
|---|---|---|
| Paul J. Pascuzzi | Managing Partner | $525 per hour |
| Thomas A. Willoughby | Partner | $525 per hour |
| Jason E. Rios | Partner | $450 per hour |
| | Associates/Of Counsel | $350 - $450 per hour |
| | Legal Assistants | $100 per hour |