RONALD W. BRILLIANT SBN 8515
BRILLIANT LAW OFFICE
240 SE 23RD Avenue
Boynton Beach, Fl 33435
(208)914-7150 (Telephone)
rb@brilliantlawoffice.com
Attorney for KRISTINA JAYNE LAFFERTY

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company<br><br>　　　　　Debtor | Case No: 22-00346-NGH<br><br>Chapter: 11 subchapter V |
| KRISTINA JAYNE LAFFERTY,<br><br>　　　　　Movant<br>vs.<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONCLUDE ADMINISTRATIVE**

**PROCEEDING and DETERMINE CLAIM AGAINST DEBTOR**

1. Kristina Jayne Lafferty ("Lafferty"), by and through undersigned counsel, pursuant to 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure 4001, Bankruptcy Local Rule 4001.2, and 9014, files this Motion for Relief from the Automatic Stay to Conclude the EEOC Wrongful Termination matter or file a Complaint for wrongful termination in the Idaho District Court to determine her rights, remedies, and damages, and, in support thereof, states as follows:

**PROCEDURAL AND FACTUAL HISTORY**

2. On or about July 16, 2021, Lafferty filed her complaint with the Idaho Commission on Human Rights/EEOC. [Complaint Nos. E-0721-211; 38C-2021-00288]

3. On May 26, 2022, given the evidence presented to the Commission, the Commission addressed three (3) different charges against defendant on behalf of Lafferty. Those charges were (1) Sexual Harassment, (2) Discharge based on Retaliation and (3) Discharge based upon sex.

4. The commission after completing its process found probable cause to believe that the defendant was liable for all three claims. The commission found:

    a. That Lafferty suffered unwelcome, offensive, and intimidating behavior by defendant, which was pervasive and targeted against her because of her sex, and defendant failed to take any action to correct CHOATE'S behavior.

    b. That illegal retaliation occurred when defendant discriminated against Lafferty based on her sex when it terminated Lafferty employment.

    c. That defendant did not articulate a legitimate, non-retaliatory reason for Lafferty's termination, and thus defendant was liable wrongfully discharging Lafferty based on retaliation.

5. The Debtor filed this case after the EEOC/IHRC made the finding of probable cause in the administrative process, but before the parties could attend the settlement phase of the administrative process. Upon the filing of the bankruptcy petition jurisdiction to continue the administrative hearing ended and Lafferty was granted the "right to sue" Debtor.

6. On August 8, 2022 (the "Petition Date"), the Debtor filed its Chapter 11 petition, and elected to proceed as a small business debtor under Subchapter V of Chapter 11. On or about July 6, 2021, prior to the Petition Date, Lafferty timely filed a required Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the willful and malicious acts of Debtor were violations of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e. et. seq. and the Idaho Human Rights Act.

7. On December 13, 2022, Lafferty filed a Claim in the main bankruptcy case (Claim 34-1, 34-1 Part 2) and is a creditor in this matter. The amount of the claim is $1,000,000.00 (one million dollars). A

motion to confirm the timeliness of this claim is being concurrently filed with this motion as the Attorney for the Debtors has informed counsel that he considers the claim untimely.

8. On December 13, 2022, Lafferty filed a *Complaint To Determine Non-Dischargeability* ("Dischargeability Complaint"), alleging that the Debtor's violation of Title VII is non-dischargeable pursuant to Sections 523(a)(2) and (a)(6) of the Bankruptcy Code. (*See* Case 22-06020-NGH, Adv Doc. 1)

9. On January 3, 2023, the Debtor filed a Motion to Dismiss Lafferty's Dischargeability Complaint (Adv Proc Doc 33). Lafferty opposed Debtor's motion and filed a *Memorandum In Support Of Plaintiff's Response To Motion To Dismiss Adversary Proceeding* (Adv. Proc. Doc 36-1)

10. On January 18, 2023, the Idaho Bankruptcy Court, Judge Noah G. Hillen, issued an Order Dismissing Complaint [Adv Proc. Doc. 39], based upon its finding and oral ruling that Section 523(a) does not apply to corporate debtors. In particular, the Court held that even under Subchapter V, the Bankruptcy Code limits the application of Section 523 to individual debtors.

11. On January 24, 2023, the Debtor requested from the court that an amended order setting confirmation hearing and related deadlines (Doc. No. 168) specifically requesting a May confirmation hearing with an April 21, 2023, deadline for balloting and objections. Proposed Plan does not propose any amount for Lafferty's claims.

12. On January 31, 2021, Lafferty filed her Notice of Appeal to the Bankruptcy Appellate Panel (BAP) (Doc. 42) in Bankruptcy Case 22-06020-NGH regarding Adverse Proceeding case 22-06020-NGH. Lafferty noted a timely appeal of the Court's Order dismissing the Dischargeability Complaint.

13. On February 27, 2023, Lafferty filed an Idaho District Court compliant for Wrongful Termination and Discrimination as more fully detailed in that complaint against the other defendants involved with this matter.

14. On March 15, 2023, Lafferty filed a Motion with this Court requesting that confirmation of the Debtor's Amended Chapter 11 Plan (the "Proposed Plan") be stayed pending the appeal in this case.

15. Concurrently with the filing of this request for stay of the proceedings, Lafferty is filing a (1) motion to determine that her claim is timely (2) a motion to lift the stay in Debtor's bankruptcy case so that the District Court can join Debtor with other defendants and resolve Lafferty's claims and establish the damages so that said value may be used in the Bankruptcy Proceeding, as the Bankruptcy Court does not have jurisdiction as stated more fully in said pleadings to adjudicate Lafferty's claims in bankruptcy court.

### BACKGROUND OF THE EEOC/IHRC ADMINISTRATIVE CLAIM

16. The genesis of the administrative action originated as a result of an employment relationship between a former employee of the Debtor under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1983 ("§ 1983") and the equal protection clause; the Idaho Human Rights Act ("IHRA"); and state law.

17. Debtor, as the employer of Kevin Choate (CHOATE), is liable for the willful and malicious conduct of the Debtor's employee, CHOATE and their own failure to properly supervise CHOATE which allowed Lafferty to be subjected to various wrongful conduct. The claims against Debtor (and other defendants) are

    a. TITLE VII - SEX DISCRIMINATION

    b. TITLE VII - HOSTILE WORK ENVIRONMENT

    c. TITLE VII - SEX DISCHARGE RETALIATION

    d. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

    e. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

    f. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18. Lafferty has exhausted all administrative remedies and as a result of debtor filing its bankruptcy proceeding, has obtained her "Right-To-Sue" letter prior to filing this adversary proceeding.

### LEGAL ANALYSIS

19. By this Motion, Lafferty respectfully requests that the Court lift the automatic stay to enable Lafferty to simply pick up where she left off with the administrative action at the time the bankruptcy was filed or

to file her non-bankruptcy action against Debtor in this District Court and pursue her damages against the Debtor. Alternatively, Debtor's counsel has stated that there is insurance coverage which may cover this claim. Lafferty seeks recovery from applicable insurance, if any. Additionally, third parties and owners of Debtor company may also be liable to Lafferty and have been independently sued in District Court, action Civil Action No. 1:23-CV-00082. However, Debtor, as not only a wrongdoer, but also as the liable party for their employee's actions, is at least a necessary party to that lawsuit if not in fact an indispensable party. Lafferty seeks that entry of a judgment in her favor, but will not enforce the judgments absent further order of the Bankruptcy Court, if there is no such insurance available.

20. Bankruptcy Code §362(d)(1) sets forth the legal standard for evaluating whether a plaintiff in a pre-petition employment discrimination lawsuit is entitled to relief from the automatic stay. Section 362(d) provides in relevant part:

> On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

21. "Cause", though not defined by Section 362(d)(1), is a flexible concept. Courts conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. In determining whether "cause" exists for relief from the automatic stay to permit a plaintiff to continue litigation in a non-bankruptcy court, some or all of the following factors may apply:

  a. Whether relief would result in a partial or complete resolution of the issues;

  b. Lack of any connection with or interference with the bankruptcy case;

  c. Whether the other proceeding involves the debtor as a fiduciary;

  d. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

  e. Whether the debtor's insurer has assumed full responsibility for defending the litigation;

  f. Whether the action primarily involves third parties;

    g. Whether litigation in another forum would prejudice the interests of other creditors;

    h. Whether the judgment claim arising from the other action is subject to equitable subordination;

    i. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j. The interests of judicial economy and the expeditious and economical resolution of litigation;

    k. Whether the parties are ready for trial in the other proceeding; and

    l. Impact of the stay on the parties and the balance of harms.

22. To determine if cause exists to lift the stay to permit the litigation or administrative procedure to conclude, courts apply an equitable balancing test of the "potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. Ultimately, the decision whether to lift the stay is within the discretion of the bankruptcy court. *Id.*

23. Important factors for the court to consider in determining whether to lift the automatic stay include: (1) whether only issues of state law are involved, so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay would promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court. *Robbins,* 964 F.2d at 345; *see also Lee v. Anasti (In re Lee)*, 461 Fed. Appx. 227, 231-233 (4th Cir. 2012) (reciting and applying *Robbins* factors in case granting relief from stay as to state court litigation regarding real property ownership dispute).

## Cause Exists to Grant Relief from the Automatic Stay

24. Cause exists in this case to lift the automatic stay to enable the District Court or the EEOC to complete this matter and process Lafferty's claims.

25. The EEOC complaint was filed on July 16, 2021, and a determination of probable caused was made on May 26, 2022, prior to the Petition Date. To the extent the automatic stay applies, the lifting of the

automatic stay to allow for the completion of the administrative process and will not prejudice the Debtor. If the administrative portion fails to reach a settlement, then the matter will be moved to the District Court for further action.

26. The balance of harms and judicial economy weighs decidedly in favor of the Movant. The EEOC/ICHR who presided over the administrative process for over 10 months concluded prior to the Petition Date, probable cause to believe that Debtor was liable for at least 3 violations of Title VII, in favor of the Movant and against the Debtor.

27. As to the third factor, the estate is protected insofar as the Movant is merely seeking authority to make her claims non-contingent, liquidated, and no longer disputed against the Debtor. The Movant does not intend to enforce judgments entered against the Debtor without further order of the Bankruptcy Court.

28. Part of Lafferty's claims are based upon the application of State law as well as federal law, but the type of legal issues included in her tort claims are better suited for a District Court or possibly limited to simply Title VII issues in her administrative proceeding, thus limiting the issues to be resolved. It would not be judicially efficient to have the bankruptcy court with his very specialized expertise and knowledge burdened with these tort claims and related issues.

29. If the matter failed to resolve at the administrative proceeding and the parties proceeded to court to resolve their differences, much of the research and investigation, witness statements and interviews and other legal efforts have been made and would been completed, lessening the amount of time necessary to resolve the matter at court.

30. Also, the likely existence of insurance coverage for Debtor's conduct may completely eviscerate the necessity of continuing with any court action. Lafferty has requested copies of the evidence of insurance coverage for the Debtor from Debtors counsel, who has acknowledged that Debtor has said insurance but as of this date has not provided proof of said insurance to Lafferty.

31. Also, the totality of the case which is currently filed in District Court involves third parties some of which are out of state defendants, who Lafferty contends are liable as well for the failures of Debtor and its employee, CHOATE. If the matter were completely resolved in the administrative hearing

which has merely a settlement mediation left to conclude, then the Debtor's involvement in the pending District Court case may be limited or non-existent and thus would lessen the burden on the courts.

32. There is no prejudice to the Debtor or any creditor if the stay is lifted to permit the EEOC/IHRC to conclude the administrative action or to proceed in District Court.

### A Personal Injury Claim Must be Adjudicated by the District Court or State Court

33. To the extent that the employment discrimination claim is deemed a "personal injury tort claim," the court should order that the claim be adjudicated in the United States District Court:

> U.S.C. §157(b)(5). The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

34. To the extent that the bankruptcy court determines that Lafferty's claim is a personal injury tort claim, it would deprive the bankruptcy court of jurisdiction to liquidate the claim.

35. Also, Lafferty requested a jury trial which would be available in the District Court, if not settled in the administrative hearing with the EEOC or by the application of the debtor's EPLI or other insurance policy.

### Lafferty's Underlying Claims are Personal Injury Tort Claims

36. Courts have reached different conclusions as to whether employment discrimination claims are personal injury claims. Courts appear to focus on (i) the nature of the injury or damages suffered by the plaintiff, and (ii) whether the applicable substantive non-bankruptcy law classifies the claim as a personal injury claim.

37. Andrew H. Fiedman in "Litigating Employment Discrimination Cases" at page 11-25 states the that "Some courts subscribe to a "narrow" view of "personal injury" and focus on whether the plaintiff suffered actual bodily injury. In *In re Cohen*, 107 B.R. 453 (S.D.N.Y. 1989), the court considered whether discrimination (albeit not employment discrimination) under a New York State anti-discrimination law falls under §157(b)(5). The court determined that the claim was not a personal injury claim because it was "not a claim for a 'personal injury tort' in the traditional, plain-meaning

sense of those words, such as a slip and fall, or a psychiatric impairment beyond mere shame and humiliation." Id. at 455.

38. However, the 9th circuit appears to apply the "broader view" of personal injury. In *In re Gary Brew Enterprises Ltd.*, 198 B.R. 616 (Bankr. S.D. Cal. 1996), the plaintiff alleged racial discrimination in employment under 48 U.S.C. §§1981 and 1983. In determining the meaning of "personal injury" under 28 U.S.C. §157(b)(5), the court analogized to the issue of whether §1981 and §1983 violations are considered personal injury torts for determining the proper statute of limitations under state law. The court considered the "traditional plain meaning sense of the words personal injury, and the emotional distress and humiliation of non-traditional personal injury tort claims." Id. at 618. The court concluded that an employment claim based on race discrimination could not be tried by a bankruptcy court because it alleged a personal injury.

39. In *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154 (Bankr. D. Conn. 2002), plaintiffs were former employees of the debtor who sued the debtor for sexual harassment under Title VII in federal district court. One issue was whether the claims were "personal injury torts." The court noted that because "personal injury tort" is not defined in the Bankruptcy Code, disagreement in the courts has resulted as to what constitutes a personal injury tort. The court recognized the distinction between the narrow definition, where courts require trauma or bodily injury, and the broad definition, where there need be only any injury which is an invasion of personal rights. Id. at 160. The court rejected the bright line test of both rules yet adopted the "broader" view conditionally as the "better" view. *Id. at 161*. "In cases where it appears that a claim might be a 'personal injury tort claim' under the 'broader' view but has earmarks of a financial, business or property tort claim, or a contract claim, the court reserves the right to resolve the 'personal injury tort claim' issue by (among other things) a more searching analysis of the complaint." *Id*. Analogizing to race discrimination claims under Title VII, which are "personal injury" claims, the court concluded that the sexual harassment counts of the complaint constituted personal injury tort claims under the "broader" view because claims of sexual harassment in the workplace are also actionable under Title VII as unlawful employment discrimination. *Id. at 162*. In

concluding that a sexual harassment claim was not akin to a "financial, business or property tort claim (or even contract claim)," but was rather a "personal injury tort claim," the court distinguished plaintiffs' claims from WARN Act claims, which are deemed not to be personal injury claims in part because the exclusive remedy for violation of the WARN Act is back pay and benefits under an employee plan for a period of up to 60 days, deemed to be more like a contract claim. Id. at 162-163. [See also *In re Erickson*, 330 B.R. 346, 349 (D. Conn. 2005) (race, creed, disability, sex discrimination are personal injury tort claims)]."

40. Lafferty's claims are personal injury torts so the bankruptcy court does not have jurisdiction to try the claim and thus must allow Lafferty to pursue her other legal paths to have her claims heard and decided by the District Court or the EEOC. So, for the reasons stated here, Lafferty respectfully request this court to lift the stay and allow Lafferty to either (1) complete the administrative proceeding or (2) allow her to file a motion to request the District Court to transfer the action under §157(b)(5).[1]

## RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Lafferty respectfully requests the following relief:

1. That the Court grant the Motion;

2. That the automatic stay be lifted to allow Lafferty to conclude her administrative process if still available to her or file her action in the District Court Action and pursue her rights and damages against the Debtor; and

3. That Lafferty be granted such other and further relief as is just and appropriate.

Respectfully submitted,

*s/Ronald Brilliant*
RONALD W. BRILLIANT SBN 8515
rb@brilliantlawoffice.com
Attorney for KRISTINA JAYNE LAFFERTY

---

[1] Calumet National Bank v. Levine, 179 B.R. 117 (N.D. Ind. 1995); In re Santa Clara Fair Ass'n, Inc., 180 B.R. 564 (9th Cir. BAP 1995); In re New York Medical Group, P.C., 265 B.R. 408 (Bankr. S.D.N.Y. 2001).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2023, I filed the foregoing MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONCLUDE ADMINISTRATIVE PROCEEDING and DETERMINE CLAIM AGAINST DEBTOR, electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing - BY CM/ECF or BY ELECTRONIC MAIL::

- BMO Harris Bank N.A. elizabeth.steel@ge.com
- Laura E Burri lburri@morrowfischer.com, klee@morrowfischer.com
- Matthew T. Christensen mtc@johnsonmaylaw.com, mtcecf@gmail.com;mar@johnsonmaylaw.com;mla@johnsonmaylaw.com;acs@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Robert A Faucher rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com; spturner@hollandhart.com
- Kimbell D Gourley kgourley@idalaw.com, shudson@idalaw.com
- Daniel C Green dan@racineolson.com, mcl@racinelaw.net
- Matthew W Grimshaw matt@grimshawlawgroup.com, ID22@ecfcbis.com
- Chad Moody crm@johnsonmaylaw.com, acs@johnsonmaylaw.com; cjc@johnsonmaylaw.com;mar@johnsonmaylaw.com;ecf@johnsonmaylaw.com
- Jason Ronald Naess Jason.r.naess@usdoj.gov
- Paul J Pascuzzi ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Randall A Peterman rap@givenspursley.com, kad@givenspursley.com; wandawhite@givenspursley.com
- Kenneth D Peters kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Jason E Rios jrios@ffwplaw.com, docket@ffwplaw.com
- Tara J. Schleicher tara.schleicher@foster.com, kesarah.rhine@foster.com
- Thomas Daniel Smith tom@pocatello-law.com
- US Trustee ustp.region18.bs.ecf@usdoj.gov
- Brent Russel Wilson bwilson@hawleytroxell.com, lhanks@hawleytroxell.com
- Any others as listed on the Court's ECF Notice.

**BY FIRST CLASS MAIL**:

To all creditors on the creditors mailing matrix which is being filed as a separate document due to the volume of creditors.

By: */s/Ronald W. Brilliant*
RONALD W. BRILLIANT SBN 8515

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company<br><br>　　　　　　　　Debtor | Case No: 22-00346-NGH<br><br>Chapter: 11 subchapter V |
| KRISTINA JAYNE LAFFERTY,<br><br>　　　　Movant<br>vs.<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | |

**NOTICE OF REQUIREMENTS RE: MOTION FOR RELIEF FROM AUTOMATIC STAY TO CONCLUDE ADMINISTRATIVE PROCEEDING and DETERMINE CLAIM AGAINST DEBTOR PURSUANT TO BANKRUPTCY LOCAL RULE 4001.2**

**Local Rule 4001.2(c) Objections**.

Any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h). Absent the filing of a timely objection, movant may submit a proposed order, and the court may grant the relief sought without a hearing.

**Local Rule 4001.2(d)(3) Objections**.

If an objection is filed to a motion for stay relief, the objection shall be served upon the movant and upon all parties receiving service of the motion.

**Local Rule 4001.2 (e) Hearings.**

(1) Scheduling. A party opposing a motion shall contact the court's calendar clerk to schedule a preliminary hearing. The objection to a motion shall include the notice of such hearing.

　　(A) Upon court approval, the movant may schedule a hearing for cause shown in the motion or other submissions.

(2) Preliminary Hearing Procedure. At the preliminary hearing, the parties shall be prepared to make specific representations to the court as to the proof and evidence to be submitted at any final hearing. In particular, the parties shall advise the court with specificity as to the issues to be presented at a final hearing, the identity of any witnesses expected to testify, and a summary of the expected testimony.

(3) Final Hearing. Unless otherwise ordered by the court, the parties, not later than seven (7) days prior to any scheduled final hearing, shall;

    (A) File a list of witnesses

    (B) File a list of exhibits; and

    (C) Exchange copies of any exhibits.

(4) Vacation of Hearings. Once scheduled, a preliminary hearing or final hearing may be vacated or continued only upon compliance with LBR 2002.2(f).

Pursuant to 11 U.S. Code § 362(e)

(1)Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—

(A)a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

(B)such 60-day period is extended—

(i)by agreement of all parties in interest; or

(ii)by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.