UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company<br><br>　　　　　　　　Debtor | Case No: 22-00346-NGH<br><br>Chapter: 11 subchapter V |
| KRISTINA JAYNE LAFFERTY,<br><br>　　　　Movant<br>vs.<br><br>OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | |

## MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY

1. Kristina Jayne Lafferty ("Lafferty"), creditor of the above-reference debtor, by and through undersigned counsel, files her Motion to Establish Proof of Claim as Timely pursuant to 11 U.S.C. §§105 and 726 and, in support thereof, states as follows:

## PROCEDURAL AND FACTUAL HISTORY

2. On or about July 16, 2021, prior to the Petition Date, Lafferty timely filed a required Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the Debtor's, and his agent's, willful and malicious acts were violations of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e. et. seq. and the Idaho Human Rights Act, [Complaint Nos. E-0721-211; 38C-2021-00288]).

3. On May 26, 2022, given the evidence presented to the IHRC, they addressed three (3) different charges against defendant on behalf of Lafferty. Those charges were (1) Sexual Harassment, (2) Discharge based on Retaliation and (3) Discharge based upon sex. Pursuant to federal law, Lafferty was not permitted to

file any legal action against Debtor during the pendency of the administrative process which is a required proceeding for a claim of a violation of Title VII.)

4. On August 8, 2022 (the "Petition Date"), the Debtor filed its Chapter 11 petition, and elected to proceed as a small business debtor under Subchapter V of Chapter 11. (See Doc 1)

5. On December 13, 2022, Lafferty filed a Claim in the main bankruptcy case (Claim 34-1, 34-1 Part 2) and is a creditor in this matter). The amount of the claim is $1,000,000.00 (one million dollars). Lafferty, an unsecured creditor, whose claims are unliquidated, contingent, and disputed, did not have notice of the filing of the bankruptcy, the deadline to file a proof of claim, of the creditor's meeting, or objection to discharge.

**Relief Requested**

6. U.S.C. §726 of the Bankruptcy Code governs the distribution of property of the estate, and provides, in relevant part, that once claims entitled to priority under §507 are paid, then the estate property will be distributed:

> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is –
>> (A) timely filed under § 501(a) of this title;
>> (B) timely filed under §501(b) or 501(c) of this title; or
>> (C) tardily filed under §501(a) of this title, - if
>>> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim under §501(a) of this title; and
>>> (ii) proof of such claim is filed in time to permit payment of such claim;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under §501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection….[1]

7. The Bankruptcy Court for the Eastern District of New York issued an opinion wherein it allowed a creditor filing a late filed proof of claim to participate in distribution to creditors who filed timely proofs of claim when the creditor, like Lafferty, did not receive notice of the bar date. *In re Jamal*, 496 B.R.

---

[1] 11 U.S.C. §726(a); see also In re Paschall, No. 07-32048, 2011 WL 5553483 (Bankr. E.D. Va. Nov. 15, 2011) (accepting late filed claim where creditor did not receive notice of the bankruptcy case or have actual knowledge of the case).

697 (Bankr. E.D.N.Y. 2013). In allowing the creditor to receive distribution along with timely filed claims, Chief Judge Craig explained:

> The purpose of § 726(a)(2)(C) is to "permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case. Though it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty of [§ 726(a)(3)] should not apply. *H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 383 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6339.* Section 726(a)(2)(C) provides only two prerequisites for a tardily filed claim to be entitled to distribution along with timely filed claims in a Chapter 7 case; that the holder of the claim did not have notice to allow it to timely file a proof of claim (such claimant being referred to as a "no-notice" creditor), and that the claim is filed in time to permit payment of the claim. (*Jemal*, 496 B.R. at 702-03.)

The court allowed the late filed proof of claim, finding that the creditor in *Jemal* did not have notice or actual knowledge of the case until after the bar date and that no distribution had been made in the case to prevent payment of the claim. *Id.* at 703. As in *Jemal*, Lafferty is a "no-notice" creditor. She did not have notice or actual knowledge of the case until after the bar date as stated below in detail

**Failure of Debtor to Notify Lafferty of Debtor's Bankruptcy or to Schedule Lafferty's Claim**.

8. There were at least three EEOC complaints pending prior to Debtor filing bankruptcy. They were filed by (1) Kristina Lafferty, (2) Everett Marceau and (3) Trent Sudbeck. All three of these claims were related to the same sexual harassment and violations of Title VII by the same employee. There were additional at least another 7-10 employees also victimized by this employee.

9. The debtor filed its petition for Bankruptcy on August 5, 2022. The debtor in fact did NOT list the Lafferty's as a creditor or list her claim in its schedules. [See Bankruptcy Case, Doc. No. 1]. Nor did it list Marceau and Sudbeck as creditors or note their claims.

10. The debtor served Official Form 309F2, which included (1) the notice of the creditor's meeting on August 8, 2022, (2) and (3) Exception to discharge deadline. The meeting of creditors was set for September 13, 2022. The Proof of Claims Deadline was 10/14/2022. The exception to discharge deadline was set for 11/14/2022. The debtor did NOT list Lafferty in this notice either [See Bankruptcy Case, Doc. No. 33] Nor did it list Marceau and Sudbeck as creditors or note their claims.

11. The debtor served Official Form 309F2, which included (1) the notice of the creditor's meeting on August 10, 2022, (2) and (3) Exception to discharge deadline. The meeting of creditors was set for

September 13, 2022. The Proof of Claims Deadline was 10/14/2022. The exception to discharge deadline was set for 11/14/2022. The debtor again did NOT list Lafferty in its this notice either [See Bankruptcy Case, Doc. No. 42] Nor did it the Marceau and Sudbeck as creditors or note their claims. Thus, Lafferty, nor the other two EEOC filers ever received any of these required notices.

12. On August 19, 2022, at 16:58:29. the debtor prepared an amended schedule of creditors which included Lafferty but contained an incorrect address that was years old. [See Bankruptcy Case, Doc. No. 54]. The address used was 282 E Scops Owl Drive, Kuna, ID 83634. Lafferty did not live there for years. Lafferty's address is 3004 College Avenue, Apt A, Caldwell, Id and has been since April 1, 2021. Lafferty lived with Trent Sudbeck at the same address, which he had lived at for many years. All this occurred while debtor knew about the potential for a claim by Lafferty (and the other EEOC Claimants) since it had knowledge and participated in Lafferty's (And each of their) EEOC complaints for over a year. Thus, there was no basis for debtor failing to include Lafferty's claims in its schedules.

13. The curious pattern of omission of the three major EEOC claimants in the notices which gave each the notice of and right to file a claim, cut off dates, the creditor's hearing and notice to object to discharge, is concerning. The notices of bankruptcy itself which were only later sent out later to Marceau at an address in Connecticut, and to Lafferty to and severally outdated address and NOT at all and never sent to Sudbeck. All three claims carry substantial economic damages to Debtor.

14. Thus, debtor failed to notify Lafferty, a known creditor who had a pending administrative action against them, as a creditor in its initial petition and failed serve at all any of the required notices about the time frame to serve notices of the creditor's meeting and to file claims. None of the amended notices gave notice to Lafferty about any of the three event deadlines. Thus, Debtor should be estopped to assert, as they have, that Lafferty's claim is untimely.

### Independent Basis for Good Cause to Construe Lafferty's Claim Timely

15. Furthermore, an independent series of fact exists which are additional good cause to accept Lafferty's claim as timely. Exhaustion of administrative remedies is a jurisdictional prerequisite to suing under Title VII. [See *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d

1321, 1326 (10th Cir.1999); *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997)]. To exhaust administrative remedies, a Title VII Lafferty must present her claims to the EEOC as part of her timely filed EEOC "charge" for which she has received a right-to-sue letter. [See *Simms*, 165 F.3d at 1326.] Lafferty cannot directly sue the employer in this case, until she has gone through the EEOC administrative process.

16. Additionally, pursuant to federal law Lafferty may not file a claim against the employer (Debtor) during the pendency of the EEOC process. Lafferty may only file the complaint against a defendant/debtor when it is authorized to do so. This authorization is communicated to a potential "plaintiff" through a Right to Sue letter from EEOC/Idaho Human Rights Commission. Then the plaintiff has but 90 days to file an action or claim against the employer (Debtor). Lafferty' was prevented from taking any action against debtor pursuant to statute as she was in the midst of her EEOC complaint process.

17. On September 15, 2022, the Idaho Human Rights Commission provided a Notice of Right to Sue and in a letter dated November 28, 2022, The U.S. Equal Opportunity Commission (EEOC) provided its notice to Lafferty that she had a right to sue within 90-days. (See Adv Proc. Doc 147-2, Exhibit A attached) The administrative process was forwarded to the EEOC and Lafferty did not receive the EEOC's right to sue notice, much later than the EEOC's date of the notice of 11/28/2022 giving her the right to sue. So, Lafferty was not allowed to even file a claim until after the time had expired as stated in the Debtor's prepared, but unserved notices of the creditor's meeting and the claim's filing deadline.

18. Furthermore, here, the Lafferty filed her EEOC complaint in July 2021, of which debtor was informed, participated and responded for over 10 months. In a letter dated May 22, 2022, the Idaho Human Rights Commission made its Determination that there was probably cause that debtor was liable for sexual harassment, sex – Discharge and retaliation. This letter was sent to debtor as well. So, there was no way they did not know about Lafferty's claim when they initially filed their bankruptcy.

19. Debtor knew that the damages in Lafftery's and the other's cases were and are likely to be in the hundreds of thousands of dollars. So, the gravity of the damage alone would inform or jolt a diligent

person to get the proper notice to her so that she could make a claim against the property of the estate. Instead, the notices themselves were ineffective and not done properly.

20. All these events occurred after the date set for the final claim filing date, notice of creditors meeting and notice of objecting to the plan. Thus, Lafferty did not have actual knowledge of the bankruptcy in time to file a timely proof of claim.

21. Once Lafferty received is final EEOC "Right to Sue letter from Seattle after November 28, 2022, within less than 3 weeks she filed her claim.

**Debtor in Possession: Duty to Creditors: Failures by Debtor**

22. Pursuant to 11 U.S.C. §1107:

    (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under §330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

Lafferty contends that debtor, a debtor in possession failed in his duty to notify, collect and file properly all pleadings and other things as required by and 11 U.S. Code §521 and 11 U.S. Code §1106, et seq, including but not limited to his duty to file the list, schedule, and statement required under §521(a)(1) of this title properly. If debtor in possession had properly completed the paperwork and sent property and timely notice, Lafferty would have received notice in time to file her claim.

23. **Extension to file claim or accept Lafferty's Claim as Timely:** Bankruptcy Rule 3003(c)(3) Provides, "(3) Time for Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6)."

24. Thus, Bankruptcy Rule 3002(6) is incorporated by reference in Bankruptcy Rule 3003 and provides as follows:

    "On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:

(A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or

(B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address."

## RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Lafferty respectfully requests the following relief:

A. That the Court grant the Motion;

B. For the reasons stated above and for good cause showing the court should order that Lafferty's presently filed claim as timely and not require the filing of another claim;

C. That Lafferty be allowed to file as timely her objection to the discharge of the Debtor's and

D. That Lafferty be granted such other and further relief as is just and appropriate.

Respectfully submitted,

| | |
|---|---|
| Dated: March 16, 2023 | BRILLIANT LAW OFFICE |
| /s/Ronald Brilliant | 240 SE 23RD Avenue |
| RONALD W. BRILLIANT SBN 8515 | Boynton Beach, Fl 33435 |
| Attorney for KRISTINA JAYNE LAFFERTY | (208)914-7150 (Telephone) |
| rb@brilliantlawoffice.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2023, I filed the foregoing MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY, PROPOSED ORDER electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing - BY CM/ECF or BY ELECTRONIC MAIL::

- BMO Harris Bank N.A. elizabeth.steel@ge.com
- Laura E Burri lburri@morrowfischer.com, klee@morrowfischer.com
- Matthew T. Christensen mtc@johnsonmaylaw.com, mtcecf@gmail.com;mar@johnsonmaylaw.com;mla@johnsonmaylaw.com;acs@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Robert A Faucher rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com; spturner@hollandhart.com
- Kimbell D Gourley kgourley@idalaw.com, shudson@idalaw.com
- Daniel C Green dan@racineolson.com, mcl@racinelaw.net
- Matthew W Grimshaw matt@grimshawlawgroup.com, ID22@ecfcbis.com

- Chad Moody crm@johnsonmaylaw.com, acs@johnsonmaylaw.com; cjc@johnsonmaylaw.com;mar@johnsonmaylaw.com;ecf@johnsonmaylaw.com
- Jason Ronald Naess Jason.r.naess@usdoj.gov
- Paul J Pascuzzi ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Randall A Peterman rap@givenspursley.com, kad@givenspursley.com; wandawhite@givenspursley.com
- Kenneth D Peters kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Jason E Rios jrios@ffwplaw.com, docket@ffwplaw.com
- Tara J. Schleicher tara.schleicher@foster.com, kesarah.rhine@foster.com
- Thomas Daniel Smith tom@pocatello-law.com
- US Trustee ustp.region18.bs.ecf@usdoj.gov
- Brent Russel Wilson bwilson@hawleytroxell.com, lhanks@hawleytroxell.com
- Any others as listed on the Court's ECF Notice.

**BY FIRST CLASS MAIL**:

To all creditors on the creditors mailing matrix which is being filed as a separate document due to the volume of creditors.

By: */s/Ronald W. Brilliant*
RONALD W. BRILLIANT SBN 8515