RONALD W. BRILLIANT SBN 8515
BRILLIANT LAW OFFICE
240 SE 23RD Avenue
Boynton Beach, Fl 33435
(208)914-7150 (Telephone)
rb@brilliantlawoffice.com
Attorney for KRISTINA JAYNE LAFFERTY

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re | Case No: 22-00346-NGH |
|---|---|
| OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | Chapter: 11 subchapter V |
| Debtor | |

**MOTION TO STAY CONFIRMATION PENDING APPEAL**

1. Kristina Jayne Lafferty ("Lafferty"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 8007, hereby files this Motion to Stay Confirmation of the Debtor's Amended Chapter 11 Plan Pending Appeal (the "Motion") and, in support thereof, states as follows:

**INTRODUCTION**

2. On January 31, 2021, Lafferty filed her Notice of Appeal to the Bankruptcy Appellate Panel (BAP) (Doc. 42) in Bankruptcy Case 22-06020-NGH regarding Adverse Proceeding case 22-06020-NGH. Considering the pending appeal, Lafferty respectfully requests that confirmation of the Debtor's Amended Chapter 11 Plan (the "Proposed Plan") and the proceedings be stayed pending this appeal. If the BAP determines that corporations may not discharge the kind of debts specified in §523(a) of the Bankruptcy Code, Lafferty submits that the Debtor will, as a matter of law, be unable to obtain a confirmable plan. Given that confirmation is dependent on the determination of whether Lafferty's

claim is dischargeable and given the fact that confirmation could have the irreparable effect of mooting the appeal, Lafferty respectfully requests that confirmation be stayed pending the outcome of the appeal. For the reasons stated herein, there is no prejudice to any party if confirmation of the Proposed Plan is stayed pending appeal.

## PROCEDURAL AND FACTUAL HISTORY

3. On August 8, 2022 (the "Petition Date"), the Debtor filed its Chapter 11 petition, and elected to proceed as a small business debtor under Subchapter V of Chapter 11.

4. On or about July 16, 2021, prior to the Petition Date, Lafferty timely filed a required Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the willful and malicious acts of Debtor were violations of Title VII of the Civil Rights Act, 42 U.S.C. §§2000e. et. seq. and the Idaho Human Rights Act.

5. On May 26, 2022, given the evidence presented to the Commission, the Commission addressed three (3) different charges against debtor on behalf of Lafferty. Those charges were (1) Sexual Harassment, (2) Discharge based on Retaliation and (3) Discharge based upon sex.

6. The commission after completing its process found probable cause to believe that the debtor was liable for all three claims.  The commission found that:
    a. Lafferty suffered unwelcome, offensive, and intimidating behavior by CHOATE, debtor's employee for whose conduct debtor is liable. Said conduct was pervasive and targeted against her because of her sex. Debtor failed to stop CHOATE'S behavior.
    b. Illegal retaliation occurred when debtor discriminated against Lafferty based on her sex when it terminated Lafferty employment.
    c. Debtor did not articulate a legitimate, non-retaliatory reason for Lafferty's termination, and thus debtor was liable wrongfully discharging Lafferty based on retaliation.

7. On December 13, 2022, Lafferty filed a *Complaint To Determine Non-Dischargeability* ("Dischargeability Complaint"), alleging Debtor's violation of Title VII were non-dischargeable pursuant to 11 U.S. Code §523(a)(6) of the Bankruptcy Code. (Case 22-06020-NGH, Adv Doc. 1)

8. On January 3, 2023, Debtor filed a Motion to Dismiss Lafferty's Dischargeability Complaint (Adv Proc Doc 33). Lafferty opposed Debtor's motion and filed a *Memorandum In Support Of Plaintiff's Response To Motion To Dismiss Adversary Proceeding* (Adv. Proc. Doc 36-1).

9. On January 18, 2023, the Idaho Bankruptcy Court, Judge Noah G. Hillen, issued an Order Dismissing Complaint [Adv Proc. Doc. 39] based upon its finding and oral ruling that §523(a) does not apply to corporate debtors only individual debtors.

10. On January 31, 2021, Lafferty noted a timely appeal of the Court's Orders dismissing the Dischargeability Complaint.

11. On January 24, 2023, Debtor requested from the court an amended order requesting a May 2023 confirmation hearing with an April 21, 2023, deadline for balloting and objections. (Doc. No. 168) Debtor's Proposed Plan does not propose any amount for Lafferty's claim.

12. On February 27, 2023, Lafferty filed an U.S. District Court compliant for Wrongful Termination and Discrimination action 1:23-CV-00082.

13. Concurrently with the filing of this request for stay of the proceedings, Lafferty is filing a (1) motion to determine that her claim is timely (2) a motion to lift the stay in Debtor's bankruptcy case so that either (1) the administrative proceeding can be concluded and the matter resolved or (2) if required the District Court can join Debtor with other defendants and resolve Lafferty's claims and establish the damages so that said value may be used in the Bankruptcy Proceeding, as the Bankruptcy Court does not have jurisdiction as stated more fully in said pleadings to adjudicate Lafferty's claims in bankruptcy court.

**RELIEF REQUESTED**

14. Federal Rule of Bankruptcy Procedure 8007(e) permits a bankruptcy court, in its discretion, to suspend or order the continuation of other proceedings in the case or issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

15. In making a determination, the Courts have adopted the standard used in determining whether to grant a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable harm if the stay is not granted; (3) whether other parties would suffer substantial harm if the stay is granted; and (4) whether a stay would be in the public interest or harmed if the stay is granted.[1] *Culver v. Boozer,* 285 B.R. 163, 166 (D. Md. 2002); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *Real Truth About Obama, Inc. v. FEC,* 575 F.3d 342 (4th Cir. 2009) (explaining the new preliminary injunction standard).

16. The Court of Appeals for the Third Circuit had occasion to write an extended opinion regarding the manner in which the four factors are to be weighed in determining whether a stay should be granted.[2] The majority adopted a "sliding scale" approach, opining that:

    > all four stay factors are interconnected, and thus the analysis· should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) and (b) it will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a "sliding scale" approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis. But depending on how strong a case the stay movant has on the merits, a stay is permissible even if the balance of harms and public interest weigh against holding a ruling in abeyance pending appeal.[3]

---

[1] *In re* Revel AC, Inc, 802 F.3d 558,568 (3d Cir. 2015); A&F Enters., Inc. Hv. IHOP Franchising LLC (*In re* A&F Enters., Inc. II), 742 F 3d 763,765-66 (7th Cir. 2014) (reversing an order of the district court denying a stay because the appellant had demonstrated a likelihood of success on the merits, and the potential harm to the appellant outweighed that to the appellee); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1067 (5th Cir. 1986); Rally Auto Group, inc. v. General Motors, LLC (*In re* Motors Liquidation Co.), 2010 U.S. Dist. LEXIS 118166 (S.D.N.Y. Oct 29, 2010); Morgan v. Polaroid Corp. (*In re* Polaroid Corp), 2004 U S. Dist. LEXIS 1917 (D: Del. Feb. 9,2004); *In re* Bannerman Holdings, LLC, 2011 U.S. Dist. LEXIS 7573 (E.D.N.C. Jan 26,2011); *In re* Health Diagnostic Labs, Inc., 2015 Bankr. LEXIS 2731 (Bankr. E.D. Va. Aug. 17, 2015); In re McClure, 2015 Bankr. LEXIS 1280 (Bankr. CC.D. Cal. Apr. 14, 2015); *In re* McKenzie, 2009 Bankr. LEXIS 4238 (Bankr. N.D. Ga. Oct 30,2009). The manner in which the factors of irreparable harm and to the movant and substantial harm to other parties might be balanced is illustrated by *In re* Tribune Co., 477 B.R. 465 (Bankr. D. Del. 2012), in winch the court stayed consummation of a confirmed chapter 11 plan conditioned upon the movant furnishing a $1.5 billion bond.
[2] In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015)
[3] 802 F.3d 558, 571 (emphasis in original) (internal citation omitted).

**Lafferty is Likely to Succeed on the Merits**

17. Lafferty respectfully submits that the Court erred in finding that 523(a) exceptions to discharge do not apply to corporate debtors in Subchapter V bankruptcy cases. This court similar to the Bankruptcy Judges opinions in both *Clearly Packaging*[4] and *Avion*[5] reasoned that the exceptions to dischargeability that were incorporated into §1192(2) from §523(a) applied only to individual debtors. Thus §523(a)'s list of exceptions to dischargeability are applicable only to "individual debtor[s]," as the debt of a corporation was not covered by the exception contained in §1192(2) and therefore were indeed dischargeable.

18. Lafferty adopts and incorporates the arguments set forth in her M*emorandum In Support Of Plaintiff's Response To Motion To Dismiss Adversary Proceeding* (Adv. Proc. Doc 36-1) and her arguments at the hearing conducted on January 17, 2023.Lafferty submits that she is likely to succeed on the merits of the appeal.

19. Lafferty contends, that 11 U.S.C. §1192(2), which falls within Subchapter V, provides that small business debtors are not entitled to discharge "any debt . . . of the kind specified in §523(a) of this title," id. §1192(2), and that §523(a) in turn lists 21 categories of debt that are non-dischargeable, including debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," id. §523(a)(6). Lafferty contends that the language of §1192(2) incorporates only the list of debts — debts "of the kind specified in §523(a)" — and not the class of debtors addressed by §523(a). Furthermore, her Title VII wrongful discharge case based upon sexual harassment, among other things, is thus non-dischargeable as a debt for willful and malicious injury.

20. The 4th Circuit Bankruptcy Court was overturned by the 4th Circuit Court of Appeals, who held that said §523 does apply to both corporate and individual debtors as the kinds of debts that are non-dischargeable, rather than the kinds of debtors affected by §523. Thus, the court held that §1192(2)

---

[4] *Cantwell-Cleary Co., Inc., v. Cleary Packaging* (*In re* Cleary Packaging, LLC), 36 F.4th 509 (4th Cir. 2022) (reversing the bankruptcy court to hold that corporate subchapter V debtors can be liable for claims under 11 U.S.C. § 523(a)).
[5] In Re: Gfs Industries, LLC, Case NO. 22-50403-CAG; Avion Funding, LLC, Plaintiff, vs. GFS Industries, LLC, Debtor. Debtor, (Adversary Proceeding 22-05052-CAG)

provides discharges to small business debtors, whether they are individuals or corporations, except with respect to the 21 kinds of debts listed in §523(a).

21. This same issue is currently on appeal in the 5th Circuit Court of Appeals as well. On February 3, 2023, in *In Re: Gfs Industries, LLC,* Case NO. 22-50403-CAG, regarding the adversary proceeding between Avion Funding, LLC, Plaintiff, vs. GFS Industries, LLC, Debtor. Debtor, (Adversary Proceeding 22-05052-CAG) a direct appeal was filed (Doc 28) in the Western District of Texas Bankruptcy court. The direct appeal to the 5th Circuit is based upon the application of the exceptions to bankruptcy of §523(a) as applied through 1192(2). In Avion the Bankruptcy Court also found that the 523(a) debts were dischargeable. The Avion case has now been certified to the 5th Circuit Appellate case and is proceeding to answer this question as well.

22. Additionally, the Small Business Reorganization Act (the "Act") made significant changes to Chapter 11 reorganization for small businesses. Among the more significant changes under the Act was the elimination of the absolute priority rule, now allowing equity owners to retain their equity interests even though junior creditors are not paid in full. Several aspects of the Act are premised on provisions of chapter 12 of the Code for family farmers and fisherman. Although invoking chapter 12 standards is not an appropriate comparison to Subchapter V in every instance, there is clearly a significant departure from the absolute priority rule in both Subchapter V and Chapter 12 cases. A trade-off for the elimination of the absolute priority rule is, as is the case in Chapter 12, the exclusion from discharge of debts of the kind specified in §523(a) of the Bankruptcy Code, to individuals and corporations alike.

23. Though Lafferty respects the Court's decision, it respectfully disagrees with it. As is the case in Chapter 12, the construction of §1192 reveals that Congress intended to exclude from discharge debts of the kind specified in §523(a) of the Bankruptcy Code, regardless of whether the Debtor is an individual or corporation. §1192 of the Bankruptcy Code provides as follows:

> **11 U.S.C. §1192 Discharge**
>
> If the plan of the debtor is confirmed under §1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of

discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided in §1141(d)(1)(A) of this title, and all other debts allowed under §503 of this title and provided for in the plan, except any debt

(1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
(2) of the kind specified in §523(a) of this title.

24. Though Lafferty acknowledges that the preamble of §523(a) states that it applies to individual debtors, §523(a) does not define the breadth of a discharge; rather, the breadth of the discharge is defined by §1192, which does not differentiate between individual and corporate debtors. *See Southwest Georgia Farm credit, Ava v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.*), No. 09-1011, 2009 WL 1514671 at *3 (Bankr. M.D. Ga. May 29, 2009) (explaining that §523 does not define the breadth of a discharge. Instead, it limits the initial discharge parameters set forth in §§727, 1141, 1228, and 1328 . . . ).

25. Lafferty respectfully submits that the long-established view and analysis of the Bankruptcy Courts *In re Breezy Ridge Farms, Inc.* and *In re JRB Consol. Inc.*, 188 B.R. 373 (Bankr. W.D. Tex. 1995) correctly interprets Congress' intent that the trade-off for elimination of the absolute priority rule is the application of §523(a) type debts to corporate debtors, notwithstanding the fact that Chapter 12 is focused on family farmers and fisherman, and Subchapter V is focused on small businesses.

26. Finally, Judge Bonapfel himself acknowledged that it is "unclear whether the §523(a) exceptions apply when a debtor that is not an individual receives a discharge under §1192." *See Hon. Paul Bonapfel, Guide to the Small Business Reorganization Act of 2019* at p. 160 (July 2021).

27. For all these reasons, and those stated in the underlying papers and argument, Lafferty respectfully contends that the Court erred in denying that that the exceptions to discharge of §523(a) do not apply to corporate debtors under Subchapter V and submits that Lafferty is likely to prevail on the merits in the same manner and for the same reasons supporting the 4th Circuit Court of Appeals reversal of the bankruptcy court in that case.

**Lafferty Will Suffer Irreparable Harm if the Stay is Denied**

28. Debtor's plan proposes to discharge Lafferty's claim and pay her nothing. Putting aside the substantial economic prejudice if the Debtor's Plan is confirmed, if this Motion is denied, confirmation of the Debtor's Chapter 11 plan will likely moot the appeal, denying Lafferty of its appellate rights. There can be no harm more irreparable than denial of a parties' due process and right to appellate review.

29. Furthermore, it is impracticable to "un-ring" the proverbial bell once the Debtor's plan is confirmed, and payments disbursed to creditors. If Lafferty's claim is determined to be non-dischargeable, the Debtor is unable to obtain a confirmed plan as a matter of law. A trustee or any other party-in-interest may not go back and disgorge payments made to creditors under a confirmed plan that turns out to be un-confirmable. For these reasons, to avoid irreparable harm, confirmation of the Debtor's plan should be stayed.

### The Balance of Equities Tip in Lafferty's Favor

30. The balance of equities clearly tips in Lafferty's favor. The Debtor filed its bankruptcy case in part to avoid liability for its Violation of Title VII sexual Harassment claims as determined valid based upon Debtor's conduct that the EEOC determined to be wrongful and tortious.

31. The Debtor can continue to operate in Chapter 11 as it has since the Petition Date. Staying confirmation of the plan until the appeal is concluded maintains the status quo, advances and protects the interest of all creditors and parties-in-interest, with no genuine harm to the Debtor.

32. Because un-ringing the bell is impracticable and prejudices all creditors and parties-in-interest, and because confirmation moots the appeal, the balance of equities tips in favor of Lafferty.

### The Public Interest Would be Served by Staying Confirmation Pending Appeal

33. The public interest is served by staying confirmation pending appeal. A stay of confirmation pending appeal serves the public interest on multiple fronts. First, public interest is advanced by ensuring that Lafferty's rights to appellate review are preserved. There is no more fundamental right in the context of litigation than a parties' right to due process, including appellate review. Similarly, and equally important, creditors and parties-in-interest are entitled to certainty; a reversal of this Court's dismissal

33. of the Dischargeability Action would effectively result in an un-confirmable plan, defeating the policy that creditor are entitled to rely on final orders.

34. Also, the current trend in the Appellate Court is to hold that §523(a) are the types of debts that are not dischargeable in Chapter 11 Subchapter V cases. This appears to be a trending unique legal issue that more Appellate Courts and perhaps the Supreme Court will have to consider arriving at a definitive application of the law in these cases.

35. Furthermore, the public interest is served by maintaining the status quo pending the outcome of an appeal, which, if successful, would result in the effective reversal of the confirmed plan. The Debtor's inability to confirm the Proposed Plan, should the appeal be successful, would substantially impact the debtor-creditor relationship. In addition to the foregoing, the public interest is served through the efficient use of judicial resources and expense of all parties-in-interest.

## APPLICATION TO THE ADVERSARY PROCEEDING & MOTION TO LIFT AUTOMATIC STAY

36. Lafferty files this Motion to Stay in the Debtor's main bankruptcy case. To the extent necessary, Lafferty seeks to stay the effect of its Order entered in Case 22-06020-NGH dismissing Lafferty's Dischargeability Complaint for the same reasons stated above. Additionally, Lafferty has filed a motion to lift the automatic stay under §362 and if granted would an additional basis to stay the proceeding until resolution of the claim can de determine by the U.S. District court or the EEOC.

## CONCLUSION

37. For the foregoing reasons, and to ensure that Lafferty's appellate rights are preserved, Lafferty respectfully requests that the Court stay confirmation of the Debtor's Proposed Plan pending the outcome of the appeal and grant such other and further relief as is just and appropriate.

Respectfully submitted,

/s/Ronald Brilliant  
RONALD W. BRILLIANT SBN 8515  
Attorney for KRISTINA JAYNE LAFFERTY  
rb@brilliantlawoffice.com  

BRILLIANT LAW OFFICE  
240 SE 23RD Avenue  
Boynton Beach, Fl 33435  
(208)914-7150 (Telephone)  
(208)340-3146 (Cell Phone)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2023, I filed the foregoing MOTION TO STAY CONFIRMATION PENDING APPEAL, PROPOSED ORDER electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing - BY CM/ECF or BY ELECTRONIC MAIL::

- BMO Harris Bank N.A. elizabeth.steel@ge.com
- Laura E Burri lburri@morrowfischer.com, klee@morrowfischer.com
- Matthew T. Christensen mtc@johnsonmaylaw.com, mtcecf@gmail.com;mar@johnsonmaylaw.com;mla@johnsonmaylaw.com;acs@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Robert A Faucher rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com; spturner@hollandhart.com
- Kimbell D Gourley kgourley@idalaw.com, shudson@idalaw.com
- Daniel C Green dan@racineolson.com, mcl@racinelaw.net
- Matthew W Grimshaw matt@grimshawlawgroup.com, ID22@ecfcbis.com
- Chad Moody crm@johnsonmaylaw.com, acs@johnsonmaylaw.com; cjc@johnsonmaylaw.com;mar@johnsonmaylaw.com;ecf@johnsonmaylaw.com
- Jason Ronald Naess Jason.r.naess@usdoj.gov
- Paul J Pascuzzi ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Randall A Peterman rap@givenspursley.com, kad@givenspursley.com; wandawhite@givenspursley.com
- Kenneth D Peters kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Jason E Rios jrios@ffwplaw.com, docket@ffwplaw.com
- Tara J. Schleicher tara.schleicher@foster.com, kesarah.rhine@foster.com
- Thomas Daniel Smith tom@pocatello-law.com
- US Trustee ustp.region18.bs.ecf@usdoj.gov
- Brent Russel Wilson bwilson@hawleytroxell.com, lhanks@hawleytroxell.com
- Any others as listed on the Court's ECF Notice.

**BY FIRST CLASS MAIL**:

To all creditors on the creditors mailing matrix which is being filed as a separate document due to the volume of creditors.
By: */s/Ronald W. Brilliant*
RONALD W. BRILLIANT SBN 8515