Matthew T. Christensen, ISB: 7213
JOHNSON MAY
199 N. Capitol Blvd., Suite 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com

Jason E. Rios, CA State Bar No. 190086
*(Pro Hac Vice)*
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS, LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Phone: (916) 329-7400
Fax: (916) 329-7435
Email: jrios@ffwplaw.com

*Attorneys for Debtor in Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 22-00346-NGH |
|---|---|
| OFF-SPEC SOLUTIONS, LLC dba COOL MOUNTAIN TRANSPORT, | Chapter 11<br>Subchapter V |
| Debtor. | |

# DEBTOR'S RESPONSE TO MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY

The Debtor, by and through its counsel of record, JOHNSON MAY, responds to the Motion to Establish Proof of Claim as Timely (Docket No. 189 – the "Motion"), as follows:

1. **The Motion should not be heard on shortened time or without an evidentiary hearing.**

The Motion was filed on March 16, 2023. It was set for hearing to be heard on March 27, 2023 at 1:30 p.m. via telephone hearing. *See* Doc. 192. Consequently, the Motion was filed with

DEBTOR'S RESPONSE TO MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY – Page 1

just 11 days notice of the hearing date and time, with 4 of those days being weekend days.[1] Effectively, then, Lafferty seeks to hear the Motion on shortened time. The Debtor objects to shortened time for the reasons outlined.

Additionally, the hearing date/time provided in the Notice is a telephonic hearing. The nature of Lafferty's request will require either testimony or documentary evidence. The Debtor objects to doing an evidentiary hearing via telephone and requests the Court set the Motion for an in-person evidentiary hearing.

2. **<u>In any case, the Motion is without merit and should not be granted.</u>**

Setting aside the procedural issues related to the Motion, Lafferty cannot dispute that as of August 19, 2022 (just 2 weeks after the Debtor's initial petition and schedules were filed), Lafferty was added as a creditor in this case via an Amended Schedule. *See* Doc. 54. Nor does Lafferty dispute that, at that time, notice of her inclusion in the case as a creditor together with notice of the claims bar date was provided to Lafferty via the address 282 E. Scops Owl Drive, Kuna, ID 83634. Lafferty also appears to concede that she did live at the Kuna address within approximately a year of the petition date.

Indeed, at the time Lafferty was an employee of the Debtor (including the time her employment ended), the Kuna address was her address. Based on applicable legal standards, the Debtor's service of the Notices in August 2022 to Lafferty's last known address was sufficient notice by the Debtor of the case, including the claims bar date. *See, e.g., Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478 (1988); *In re Freedom Communications Holdings, Inc.*, 472 B.R. 257 (Bankr. D. Del, 2012); *In re Hernandez*, 2017 WL 6033409 (Bankr. C.D. Cal. 2017).

---

[1] Additionally, for those in the Boise area, 5 of the weekdays fall during Spring Break for Boise and West Ada schools, when vacations for various parties and counsel are planned.

DEBTOR'S RESPONSE TO MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY – Page 2

**3. Lafferty's "Independent Basis" is insufficient cause to allow her claim as timely.**

Lafferty alternatively argues that even if her claim is determined to be untimely due to notice provided, this court should nevertheless deem it timely due to the requirement to exhaust administrative remedies prior to filing a lawsuit. This, however, is insufficient to have her claim deemed timely.

The filing of a Proof of Claim is the first step in litigating a claim against the Debtor and triggers either allowance or objection to the claim. "Claim" is a term defined by the Bankruptcy Code to include a "right to payment, wither or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." *See* 11 U.S.C. § 101(5) (emphasis added). At the time the claims bar date passed, Lafferty's claim was unliquidated, contingent and unmatured. Nevertheless, that status did not prevent her from filing a Proof of Claim prior to the bar deadline.

Further, other courts have found that exhaustion of administrative remedies is insufficient reason for the bankruptcy court to decline jurisdiction. *See, e.g., In re Bayou Shores SNF, LLC*, 525 B.R. 160 (Bankr. M.D. Fla. 2014) (not requiring exhaustion of administrative remedies to dispute cancellation of Medicaid status prior to confirmation of Ch. 11 plan which preserved the Debtor's Medicaid status). Consequently, Lafferty's argument that she could not file a Proof of Claim until after November 28, 2022, is incorrect. The Proof of Claim could be filed and was required. Lafferty chose to wait until after the claims bar deadline to file her Proof of Claim. As a result, it was untimely filed and this court should not reward her lack of diligence by deeming it timely.

Accordingly, the Debtor requests the Court enter an Order denying the Motion. Alternatively, the Debtor requests the Court set an evidentiary hearing on the Motion with sufficient time to discover and present evidence of the Debtor's knowledge of the claims bar date.

DATED this 22nd day of March, 2023.

JOHNSON MAY

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2023, I filed the foregoing DEBTOR'S RESPONSE TO MOTION TO ESTABLISH PROOF OF CLAIM AS TIMELY electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Laura E. Burri | lburri@morrowfischer.com |
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Chad R. Moody | crm@johnsonmaylaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Paul J. Pascuzzi | ppascuzzi@ffwplaw.com |
| Randall R. Peterman | rap@givenspursley.com |
| Kenneth D. Peters | kpeters@dresslerpeters.com |
| Jason E. Rios | jrios@ffwplaw.com |
| Tara J. Schleicher | tara.schleicher@foster.com |
| Thomas D. Smith | tom@pocatello-law.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Ronald W. Brilliant | rb@brilliantlawoffice.com |

Any others as listed on the ECF Notice.

/s/
Matthew T. Christensen