RONALD W. BRILLIANT SBN 8515
BRILLIANT LAW OFFICE
240 SE 23RD Avenue
Boynton Beach, Fl 33435
(208)914-7150 (Telephone)
rb@brilliantlawoffice.com
Attorney for KRISTINA JAYNE LAFFERTY

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re | Case No: 22-00346-NGH |
|---|---|
| OFF-SPEC SOLUTIONS, LLC, an Idaho Limited Liability Company | Chapter: 11 subchapter V |
| Debtor | |

**AFFIDAVIT IN SUPPORT MOTION TO CONSOLIDATE HEARINGS**

**EMERGENCY**

1. I Ronald W. Brilliant, attorney for Kristina Jayne Lafferty ("Lafferty"), pursuant to Federal Rule of Bankruptcy Rule 8013, hereby files this Affidavit in support of Lafferty's motion to reset Lafferty's motions set to be heard on September 26, 2023, to the hearing set on October 5, 2023, at 9:00 a.m. and, in support thereof, state as follows:

**INTRODUCTION**

2. On March 31, 2023, Lafferty filed her Motion for Relief from Stay (Doc No. 188) and her Motion to Allow Claims 34 (Doc. 190) in Bankruptcy Case 22-06020-NGH. On June 1, 2023, the parties stipulated to continue this hearing to September 26, 2023. (Doc 235). On August 18, 2022, in response to the 9th Circuit accepting Lafferty's appeal, Lafferty filed her Motion To Stay Pending Appeal. On August 21, 2023, Lafferty filed her Motion Objecting to Discharge. On August 31, 2023, a hearing was

Page 1 of 5

held wherein the debtor was ordered to serve their amended plan upon all the creditors and allowed objections to be filed up to 7 days before the hearing. At the August 31, 2023, hearing the matter was set for October 5, 2023. However, the other motions set for September 26, 2023 were not consolidated with the October 5, 2023 hearings.

3. The parties, Lafferty and Debtor are in negotiations to attempt to settle this matter. These negotiations started on Friday, September 15, 2023. The settlement is to settle all matters, including the Civil District case and the appeal currently pending in the 9th circuit. The negotiations are proceeding well, and progress is being made. During these negotiations I requested that we set the 25th hearing with the hearing on October 5, 2023, hearing, as this would be a much more efficient way to proceed, reduce costs and avoid unnecessary expenses. In large part the information for both hearings will be similar and the parties and court would avoid the duplication of evidence, witnesses, and argument. Initially opposing counsel Matthew Christensen stated he did not want to stipulate but had a better plan. He wanted to try to get everything settled globally so that the hearing on the 5th was straightforward. I believe the term he used was "clean".

4. I have not included every email because most are about the settlement terms, which would not be appropriate. However, I have provided the content of emails or redacted emails to support this motion.

5. Toward the end of September 19, 2023, after pressing for an agreement to continue, Mr. Christensen stated.

> From: Matthew T. Christensen <MTC@johnsonmaylaw.com>
> Sent: Tuesday, September 19, 2023 2:52:00 PM
> To: Ronald Brilliant <rb@brilliantlawoffice.com>
> Subject: RE: Follow up
>
> Let's push to get to a mutually-agreeable number today. If we absolutely have to, we can do a stipulation late in the day. But for now, I'd rather keep working to get a number with that pressure on.
>
> MTC

6. However, on Tue 9/19/2023 10:31 PM, after going to bed, I received this email.

> "Ron,

Page 2 of 5

      In case we do have to go forward with the hearing next week, attached is a copy of our witness/exhibit lists, as well as the exhibits listed on the Exhibit List.
      I'm still optimistic we'll get things worked out with a global settlement, or, at the very least, an agreement that Lafferty is pursuing recovery from the insurer ONLY (and not the Debtor or other entities). However, out of caution I filed the foregoing.
         MTC"

7. I contacted counsel this morning as I was upset at the change of position. He responded as follows on

    From: Matthew T. Christensen <MTC@johnsonmaylaw.com>
    Sent: Wednesday, September 20, 2023 9:09 AM
    To: Ronald Brilliant <rb@brilliantlawoffice.com>
    Subject: RE: Lafferty v. Off-Spec et al., Case No. 1:23-CV-00082

    Ron,

    You're reading a whole lot into filing the Witness/Exhibit lists. I told you the whole time my client's desire to get the thing resolved, while at the same time NOT combining the two hearings. I'm still willing to vacate the hearing next week – if necessary. But NOT to combine it with the Oct 5 hearing. After our last offer yesterday, you went dark and I didn't know what your plans were. (Last communication from you was that you were confirming your latest numbers with your client, but that they weren't official yet.)

    REDACTED – SETTLEMENT INFORMATION

    MTC


    Matthew T. Christensen
    mtc@johnsonmaylaw.com
    www.johnsonmaylaw.com

8. Based upon this and prior communications, I did not file any witness list or exhibit list and I also did not make further travel arrangements. I am not willing to vacate the hearing, I am willing to move the hearing and consolidate it with the October 5, 2023, hearing.

9. NOTICE TO COUNSEL: On September 20, 2023, at 9:19 a.m. I informed counsel I would be filing this motion. I stated that:

    "Matt,

    REDACTED – SETTLEMENT INFORMATION

    If not, are you also the attorney for Transportation Investments, the 100% owner of Off Spec Solutions? Would you take service of the summons and complaint on their behalf for the Civil Case? If not, let me know.

> Also, I am sending my witness list and exhibit list for the other motions. But I will file a motion to consolidate the hearings given our communications. Working on this now.
>
> Respectfully,
>
> Ronald W. Brilliant
> Attorney at law"

The opposing counsel has not replied to this email.

10. More importantly, my client is proceeding in forma pauperis in the 9th Circuit case and wishes to avoid any unnecessary expense in duplicating legal fees, costs, appearance fees, and preparation fees as much as possible. The overall cost of an additional motion would be a couple thousand dollars at least. Also, if the matter is settled my client and the opposing side will avoid the additional costs related to all the pending legal matters, not just the bankruptcy matters.

11. Consolidating these two motion hearings in large part involve common question of law or fact thus the court should join the two hearings to avoid unnecessary cost, to avoid prejudice, or to economize the entire process.

## **CONCLUSION**

12. For the foregoing reasons Lafferty respectfully requests that the Court move the hearing dates to October 5, 2023.

I declare under penalty of perjury under the Laws of the State of Idaho that the foregoing is true and correct.

| | |
|---|---|
| /*s/Ronald Brilliant* | BRILLIANT LAW OFFICE |
| RONALD W. BRILLIANT SBN 8515 | 240 SE 23RD Avenue |
| Attorney for KRISTINA JAYNE LAFFERTY | Boynton Beach, Fl 33435 |
| rb@brilliantlawoffice.com | (208)914-7150 (Telephone) |
| | (208)340-3146 (Cell Phone) |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September 2023, I filed the foregoing AFFIDAVIT IN SUPPORT MOTION TO CONSOLIDATE HEARINGS - EMERGENCY, MOTION TO CONSOLIDATE HEARINGS, PROPOSED ORDER electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing - BY CM/ECF or BY ELECTRONIC MAIL:

- BMO Harris Bank N.A. elizabeth.steel@ge.com
- Laura E Burri lburri@morrowfischer.com, klee@morrowfischer.com
- Matthew T. Christensen mtc@johnsonmaylaw.com, mtcecf@gmail.com;mar@johnsonmaylaw.com;mla@johnsonmaylaw.com;acs@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com
- Robert A Faucher rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com; spturner@hollandhart.com
- Kimbell D Gourley kgourley@idalaw.com, shudson@idalaw.com
- Daniel C Green dan@racineolson.com, mcl@racinelaw.net
- Matthew W Grimshaw matt@grimshawlawgroup.com, ID22@ecfcbis.com
- Chad Moody crm@johnsonmaylaw.com, acs@johnsonmaylaw.com; cjc@johnsonmaylaw.com;mar@johnsonmaylaw.com;ecf@johnsonmaylaw.com
- Jason Ronald Naess Jason.r.naess@usdoj.gov
- Paul J Pascuzzi ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- Randall A Peterman rap@givenspursley.com, kad@givenspursley.com; wandawhite@givenspursley.com
- Kenneth D Peters kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com
- Jason E Rios jrios@ffwplaw.com, docket@ffwplaw.com
- Tara J. Schleicher tara.schleicher@foster.com, kesarah.rhine@foster.com
- Thomas Daniel Smith tom@pocatello-law.com
- US Trustee ustp.region18.bs.ecf@usdoj.gov
- Brent Russel Wilson bwilson@hawleytroxell.com, lhanks@hawleytroxell.com
- Any others as listed on the Court's ECF Notice.

**BY FIRST CLASS MAIL**: To all creditors entitled to notice on the creditors mailing matrix.

By: /s/Ronald W. Brilliant
RONALD W. BRILLIANT SBN 8515